## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **PASQUALE LONGORDO,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | **Case No.** |
| ) | |
| **DIVERSIFIED CONSULTANTS, INC.** ) | |
| **and LIVEVOX, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants, Diversified Consultants, Inc. ("DCI") and Livevox, Inc. ("Livevox"), hereby remove the above captioned civil action from the Circuit Court for the County of Oakland, State of Michigan, to the United States District Court for the Eastern District of Michigan. The removal of this civil action is proper because:

1.    DCI and Livevox are the only defendants in a civil action filed by plaintiff, Pasquale Longordo ("plaintiff"), in the Circuit Court for the County of Oakland, State of Michigan captioned as *Pasquale Longordo v. Diversified Consultants, Inc. and Livevox, Inc.,* Case No. 2015-148158-CZ (hereinafter the "State Court Action").

2.    Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant removes the State Court Action to this Court, which is the federal judicial district in which the State Court Action is pending.

1

3.     The Complaint in the State Court Action (hereinafter the "State Court Action Complaint") asserts claims under the federal Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, *et seq.*, and Michigan state law.

4.     Removal of the State Court Action is proper under 28 U.S.C. § 1441. If the action had originally been brought in this Court, this Court would have original, federal question jurisdiction over plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331, as well as supplemental jurisdiction over the state law claims asserted.

5.     Pursuant to 28 U.S.C. § 1446(b), Defendants have timely filed this Notice of Removal. Defendants were served with process on July 27, 2015. This Notice of Removal is being filed within 30 days from service of the Complaint on Defendant.

6.     As of the date of this filing, all named defendants that have been served with the State Court Action Complaint consent to removal of the State Court Action.

7.     Attached hereto as **Exhibit A** and incorporated by reference as part of this Notice of Removal is a true and correct copy of the Petition filed in the State Court Action. No further proceedings have taken place in the State Court Action.

8.    A copy of this Notice of Removal is being served upon Plaintiff and filed concurrently with the Circuit Court for the County of Oakland, State of Michigan.

9.    The Circuit Court for the County of Oakland, State of Michigan is located within the Eastern District of Michigan.  Therefore, venue for purposes of removal is proper because the United States District Court for the Eastern District of Michigan embraces the place in which the removed action was pending.  *See* 28 U.S.C. § 1441(a).

10.   Removal of plaintiff's State Court Action is proper under 28 U.S.C. §§ 1441 and 1446.

WHEREFORE, Defendants, Diversified Consultants, Inc. and Livevox, Inc. hereby remove the State Court Action to this Honorable Court.

Respectfully submitted,

COLLINS EINHORN FARRELL P.C.

/s/ Deborah Lujan
DEBORAH A. LUJAN (P46990)
Attorney for Defendants Diversified
Consultants, Inc. and Livevox, Inc
4000 Town Center, 9th Floor
Southfield, Michigan 48075
(248) 355-4141

Dated: August 24, 2015

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of August, 2015, a copy of the foregoing **Notice of Removal** was electronically filed with the Clerk of the Court, United States District Court for the Eastern District of Michigan and served via U.S. Mail upon the following:

Rex C. Anderson, Esq.
9459 Lapeer Rd., Suite 101
Davison, MI 48423

Respectfully submitted,

COLLINS EINHORN FARRELL P.C.

/s/ Deborah Lujan
DEBORAH A. LUJAN (P46990)
Attorney for Defendants Diversified
Consultants, Inc. and Livevox, Inc
4000 Town Center, 9th Floor
Southfield, Michigan 48075
(248) 355-4141

4

# EXHIBIT "A"

# NOTICE OF MANDATORY EFILING

- Your case has been assigned to the mandatory efiling pilot project, based on the judge assignment for this case [Administrative Order (AO) 2007-3 and AO 2010-3 – http://www.oakgov.com/clerkrod/Pages/efiling/default.aspx]

- Plaintiff is responsible for serving a copy of this notice (or an indication of this notice) with the Summons and Complaint on all opposing parties.

- All future filings must be made through the Tyler Odyssey File & Serve (formerly known as Wiznet) application.  You may access efiling at http://www.oakgov.com/clerkrod/Pages/efiling/default.aspx.

- Before you may efile a document with the Court, you must register a firm and user, through Tyler Odyssey File and Serve.

- Trainings on Odyssey File & Serve are offered at the Oakland County Courthouse, as well as online. Times and dates of in-person trainings are located at http://www.oakgov.com/clerkrod/Pages/efiling/default.aspx.  To obtain on-line or teleconference training or for technical support, please contact Tyler at 800 297-5377 or support@wiznet.com.  If you have further questions regarding efiling, contact the Clerk's Office at (248) 452-8643.

- Judges issue opinions and orders electronically.  All filers must register as a Service Contact through Odyssey File and Serve. If you fail to register, you will not receive copies of orders issued by the Court.  Neither the Court nor the County Clerk provide free copies of opinions, orders, or other electronically filed documents to an attorney or party who fails to properly register with the Odyssey File & Serve application.  An attorney or party who fails to properly register for efiling may obtain copies of documents from the County Clerk at a cost of $1.00 per page.

Updated 1/2013

# eFiling Quick Tips

➢ It is important that you are registered with Tyler Odyssey File & Serve (formerly known as Wiznet) and that you add yourself as a service contact as soon as you receive this notice at www.wiznet.com/oaklandmi. If you are not listed as a service contact you will not receive copies of documents that are issued by the court. This will result in a fee for a copy of the document afterwards.

➢ A credit card is required to use the Odyssey File & Serve e-filing system.

➢ To prevent e-mails containing the service of documents going into your spam/junk folder we recommend that you register ccservice@wiznet.com with your e-mail provider, or add them to your white list.

➢ All pleadings are required to be signed with either an ink (wet/scanned) signature or the electronic signature which must read as follows:  /s/name.

➢ All pleadings and attachments must be submitted in pdf format.

➢ Training is offered at the Sixth Circuit Court.  Training is not required before using Odyssey File & Serve, but is highly recommended.  You can obtain the training times and location on our website at http://www.oakgov.com/clerkrod/Pages/efiling/default.aspx.  Online training and eFiling manuals are also available at the Oakland County Odyssey File & Serve log-in page at www.wiznet.com/oaklandmi.

➢ It is important that you review your documents before submitting them. Make sure that your document is legible, that it is scanned at 8 ½ by 11 scale size and it is facing the right direction.  We recommend that you do not submit your documents in color.  Please scan your documents in black and white and at 200 DPI.

➢ Anytime a document is rejected, the filer will receive an e-mail explaining the reason for the rejection. However e-mails are not sent when a document is accepted.  You must check your e-file queue for status of your document and to obtain a copy of the time stamped document.

➢ No fee is taken if your document is rejected. Fees are only applied at the time that the Oakland County Clerk's Office accepts your document.

➢ Documents that are related to each other can be submitted together as one document.  For example: Motion for Summary Disposition/Brief/Notice of Hearing/Proof of Service.  Documents that are not related to each other must be submitted as their own document.  If you have any questions regarding the filing of related documents please call the Oakland County Clerk's Office at (248) 452-8643.

➢ Praecipes must be submitted through the e-praecipe system in order for your court date to be scheduled. You can find the e-praecipe link on our website at http://courts.oakgov.com/epraecipe.  If you have any questions regarding the e-praecipe system, please contact the case management office at (248)858-0352.

➢ You can find the Local Administrative Order regarding the E-File Program on our website at http://www.oakgov.com/clerkrod/Pages/efiling/default.aspx.

Updated 1/2013

# Rex Anderson, PC

*THE Consumer Advocate*

Rex Anderson, PC
9459 Lapeer Rd. Ste 101
Davison, MI 48423
(810) 653 3300
1-800-4-ATTY-REX
Facsimile: 866-813-4195
www.rexandersonpc.com
rex@rexandersonpc.com

Rex C. Anderson, Attorney at Law

Richard C. Angelo, Jr., Of Counsel

July 22, 2015

Incorp Services, Inc.
Resident Agent for Diversified Consultants Inc.
2285 S. Michigan Rd.
Eaton Rapids, MI 48827

Re: Longordo v Diversified Consultants Inc.
Case No. 2015-148158-CZ

Dear Sir or Madame,

Enclosed please find the Summons & Complaint in the above referenced case.

Please do not hesitate to contact our office if you have any questions or concerns.

Cordially,

Beth Hudson
Legal Assistant to Rex Anderson PC

/bh

Encl.

This case has been designated as an eFiling case. To review a copy of the
Notice of Mandatory eFiling visit www.oakgov.com/clerkrod/efiling.

Original - Court          2nd copy - Plaintiff
                          3rd copy - Return

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>6th JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS AND COMPLAINT | CASE NO.<br>2015-148158-CZ |
|---|---|---|

Court address
1200 N. Telegraph Rd., Dept. 404, Pontiac, MI 48341

Court telephone no.
(248) 858-0350

| Plaintiff's name(s), address(es), and telephone no(s).<br>Pasquale Longordo<br>836 Chapin Ave.<br>Birmingham, MI 48009 | v | Defendant's name(s), address(es), and telephone no(s).<br>Diversified Consultants Inc.<br>10550 Deerwood Park Blvd., Ste. 309<br>Jacksonville, FL 32256 |
|---|---|---|

Plaintiff's attorney, bar no., address, and telephone no.
Rex C. Anderson (P47068)
9459 Lapeer Rd., Ste. 101
Davison, MI 48423

**SUMMONS**   NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>JUL 22 2015 | This summons expires<br>OCT 21 2015 | Court clerk<br>Lisa Brown |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**COMPLAINT**   Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>Birmingham, Michigan | Defendant(s) residence (include city, township, or village)<br>Jacksonville, FL |
|---|---|

Place where action arose or business conducted
Oakland County, Michigan

07/21/2015
Date

Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (5/15) **SUMMONS AND COMPLAINT**   MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A).

Received for Filing Oakland County Clerk 2015 JUL 22 AM 09:42

| **PROOF OF SERVICE** | **SUMMONS AND COMPLAINT**<br>Case No. 2015-148158-CZ |
|---|---|

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE** | **OR** | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____

List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee<br>$ | Miles traveled | Mileage fee<br>$ | Total fee<br>$ |
|---|---|---|---|

Signature _____

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                    Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____

Attachments

_____ on _____
Day, date, time

_____ on behalf of _____ .

Signature

Received for Filing Oakland County Clerk 2015 JUL 22 AM 09:42

This case has been designated as an eFiling case. To review a copy of the
Notice of Mandatory eFiling visit www.oakgov.com/clerkrod/efiling.

## STATE OF MICHIGAN
### IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

| | |
|---|---|
| **PASQUALE LONGORDO,** | Case No. 2015-148158-CZ ~~JUDGE DANIEL~~ OBRIEN |
| **Plaintiff,** | **Hon.** |
| **v.** | **COMPLAINT** |
| **DIVERSIFIED CONSULTANTS, INC., and LIVEVOX, INC.** | |
| **Defendants.** | |

## <u>COMPLAINT</u>

There is no other pending action or resolved action within
the jurisdiction of this Court between Plaintiff and Defendant.

### INTRODUCTION

1.    Plaintiff, PASQUALE LONGORDO (hereinafter, "Plaintiff" or "LONGORDO")

brings this Complaint for damages, injunctive relief, and any other available legal or

equitable remedies, resulting from the illegal actions of Defendant, Diversified

Consultants, Inc., (hereinafter, "Defendant" or "DCI") and its affiliate, sub-contractor,

and /or agent, LiveVox, Inc. ("LiveVox") in negligently and/or intentionally contacting

Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer

Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy.

Plaintiff also brings this action for damages, brought by a consumer or other protected

person against debt collectors for violating the  Michigan Occupational Code ("MOC"),

M.C.L. § 339.901 et seq. or alternatively the Michigan Regulation of Collection Practice

Act, ("MRCPA") MCL 445.251 et seq.

Received for Filing Oakland County Clerk 2015 JUL 22 AM 09:12

Received for Filing Oakland County Clerk 2015 JUL 22 AM 09:12

2.     The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 744 (2012).

3.     In enacting the TCPA, Congress intended to give consumers a choice as to how creditors, debt collectors and telemarketers may call them, and made specific findings that

> "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub.L. No. 102–243, § 11.

Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Id. at § 12; see also Martin v. Leading Edge Recovery Solutions, LLC, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4.     The TCPA gives rulemaking authority to the Federal Communications Commission (FCC) to prescribe regulations to implement the requirements of the TCPA. 47 U.S.C. § 227(b)(2).

5.     The TCPA regulates the use of automated telephone equipment, also known as Automated Telephone Dialing Systems (ATDS), autodialers or robodialers, which have

Received for Filing Oakland County Clerk 2015 JUL 22 AM 09:12

the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.

6.    The TCPA makes it illegal to use autodialers to place calls to a cellular phone other than for an emergency purpose or with the prior express consent of the called party.

7.    In 2003, the FCC issued a Report and Order addressing, in part, autodialed and prerecorded message calls made to cellular telephone numbers. The FCC affirmed that, with two narrow exceptions, it is unlawful to make any call using an automatic telephone dialing system or artificial or prerecorded message to any wireless number. The exceptions, inapplicable to the instant case, include calls made for emergency purposes and with prior express consent.  In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 18 F.C.C.R 14014, 14115-16 (2003).

8.    With respect to autodialed debt collection calls, in a 2008 Declaratory Ruling, the FCC clarified that autodialed and prerecorded or artificial message calls to a cellular phone number by or on behalf of a creditor are permitted only if the calls are made with the prior express consent of the called party. Prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and provided during the transaction that resulted in the debt owed.  In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 23 F.C.C.R. 559, 564-65 (2008).

9.    Although the collection industry has argued to the contrary, the TCPA prohibitions are not limited to telemarketing calls; debt-collection calls are covered. Mims v Arrow Financial Services, LLC, U.S. Supreme Court, 421 Fed. Appx. 920 (2012), Brown v. Hosto & Buchan, PLLC, 748 F.Supp.2d 847 (W.D. Tenn. 2010); In re Rules &

Received for Filing Oakland County Clerk 2015 JUL 22 AM 09:12

Regulations Implementing Telephone Consumer Protection Act of 1991, Request of ACA International for Clarification and Declaratory Ruling, 23 F.C.C.R. 559, 561 (2008) ("ACA Declaratory Ruling"); Brown v. Enterprise Recovery Systems, Inc., No. 02-11-00436-CV, 2013 WL 4506582, *5 (Tex.App. Aug. 22, 2013).

10.　　A predictive dialer constitutes an automatic telephone dialing system within the meaning of the TCPA.　See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, F.C.C. 07-232, 23 F.C.C. R. 559, 566 ¶ 12 & 13 (Dec. 28, 2007) released Jan. 4, 2008).　In that Ruling, the Federal Communications Commission ("FCC") for a second time rejected the position that a predictive dialer only meets the definition of an ATDS when it randomly or sequentially generates numbers. Rather, it stated "In this Declaratory Ruling, we affirm that a predictive dialer constitutes an automatic telephone system and is subject to the TCPA's restrictions on the use of autodialers."　23 F.C.C. R. 559, 566 ¶ 12.

11.　　Dead air calls are the mark of predictive dialers.　As stated by the FCC, "The record before us revealed that consumers often face "dead air" calls and repeated hang-ups resulting from the use of predictive dialers."　Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 70 Fed. Reg. 19330, 19334 (April 13, 2005).

12.　　Commencing in 2013 DCI, along with and through its affiliate LiveVox, used its automated dialers to bombard Mr. Longordo with over two hundred calls to his cell phone to collect on a disputed bill allegedly owed to Sprint.

13.　　In many of those calls, DCI used artificial or prerecorded messages.

4

Received for Filing Oakland County Clerk 2015 JUL 22 AM 09:12

14. The use of this technology in the placement of calls to Mr. Longordo was in violation of the TCPA.

## JURISDICTION AND VENUE

15. The amount in controversy exceeds twenty-five thousand dollars ($25,000.00) and is otherwise within the jurisdiction of this Honorable Court pursuant to MCL §600.715, the Michigan Occupation Code ("MOC") M.C.L. § 339.916 et seq., and the Michigan Regulation of Collection Practices Act, ("MRCPA") MCL 445.251 et seq. Jurisdiction is also appropriate pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. A private person may seek redress for violations of the TCPA "in an appropriate court of [a] State," "if [such an action is] otherwise permitted by the laws or rules of court of [that] State." 47 U.S.C. § 227(b)(3), (c)(5).

16. Venue is proper in this Circuit Court because Plaintiff resides in Oakland County, the harm to Plaintiff occurred in Oakland County, and Defendants both conduct business within Oakland County, Michigan.

## PARTIES

17. Plaintiff is, and at all times mentioned herein, an adult natural person who resides in the City of Birmingham, County of Oakland, State of Michigan.

18. Plaintiff is a "recipient" and / or "called party" under the TCPA pursuant to 47 U.S.C. § 227.

19. Defendant DCI is a foreign corporation doing business in Michigan, with its principal place of business located in Jacksonville, Florida.

20. Defendant, LiveVox is a foreign corporation doing business in Michigan, with its principal place of business located in San Francisco, California.

5

Received for Filing Oakland County Clerk 2015 JUL 22 AM 09:12

## FACTUAL ALLEGATIONS

21.    DCI is a "collection agency" and "licensee" as the terms are defined and used in MOC, MCL §339.916 et seq. Alternatively, Defendant DCI is a "regulated person" as the term is defined and used in MRCPA. MCL §445.251 et seq.

22.    Defendant DCI is a debt collector that specializes in collecting outstanding account balances.

23.    Both Defendants are defined as "any person," prohibited from auto-dialing cellular phone devices pursuant to 47 U.S.C. § 227(b)(1)(iii).

24.    Plaintiff is a "consumer," "debtor" and "person" as the terms are defined and used in the MRCPA and MOC.

25.    DCI partners with co-defendant, LiveVox, in creating and developing its automated dialing collection campaigns.

26.    LiveVox provides the automated dialing software systems for DCI.

27.    LiveVox also provides Interactive Voice Response ("IVR") systems (LiveVox website IVR page: http://www.livevox.com/applications/ivr/ downloaded June 29. 2015). IVR systems use pre-recorded voices to guide people through various menus in a telephone communication system. On information and belief, DCI utilizes the LiveVox IVR technology for its prerecorded voice messaging communications.

28.    The LiveVox system used by DCI is an ATDS. Lardner v. Diversified Consultants, Inc., 2014 WL 1778960 *5 (S.D.Fla. May 1, 2014). Davis v. Diversified Consultants, Inc., 2014 WL 2944864 (D. Mass. June 27, 2014)("the Livevox system, as utilized by Defendant, was an ATDS" at *5; Echevvaria v. Diversified Consultants, Inc.,

6

Received for Filing Oakland County Clerk 2015 JUL 22 AM 09:12

2014 WL 929275 (S.D. N.Y. Feb. 28, 2014), at *5-7. Haire v Sprint Communications Co., L.P., et al., 2:13-cv-00701(N.D. Ala. March 31, 2015).

29.     Starting sometime in February 2013 Defendant DCI commenced placing numerous telephone collection calls to Plaintiff's cellular telephone numbers, (248) 763-2943 and (248) 840-1234, with the use of its automated telephone dialing system (hereinafter "ATDS") in an attempt to collect a debt.

30.     The debt at issue arises from transactions for personal, family or household purposes which meets the definition under MCL §339.901(a) or MCL 445.251(a).

31.     These calls continued on and off until in or about July 2013.

32.     Plaintiff requested DCI to stop calling his cell phones.

33.     Despite his requests to stop, DCI continued calling Plaintiff, sometimes multiple times a day throughout March 2014.

34.     Upon information and belief, during this time period, DCI called Plaintiff's cell phone between 200 and 300 times.

35.     Plaintiff attempted to answer many of DCI's calls but on many occasions after picking up he would only hear dead air prior to the call being disconnected.

36.     DCI used a pre-recorded messages when calling Plaintiff's cell phone.

37.     The text of the pre-recording was the same in each call and indicated that DCI was calling about an "important business matter." They further indicated that DCI was calling for "Pasquale Longordo" and to press 1 "to be connected to an agent."

38.     DCI's harassing calls originated from telephone numbers including, but not limited to 313-879-4563, 313-879-1754, 313-879-1752, 313-879-4542 and 313-879-4558.

7

Received for Filing Oakland County Clerk 2015 JUL 22 AM 09:12

39.     DCI engaged in deceptive practices by pretending to call from a local Michigan area code when its calls in fact did not originate from Michigan at all.

40.     In promoting its services, DCI advertises that it uses "the most cutting edge technology the industry has to offer." (DCI website "Our Story" page, http://www.dcicollect.com/about/dci-about.html; downloaded June 29, 2015).

41.     This technology allows DCI to automatically dial thousands of telephone numbers at extremely low cost, and schedule a pattern of repeated telephone calls at pre-programmed dates and times.

42.     LiveVox was involved in creating and/or implementing DCI's procedure relating to contacting consumers using an automatic telephone system or using an artificial or prerecorded voice.

43.     Plaintiff's cellular telephone numbers were assigned to a . . . cellular telephone service as the phrase is used in the TCPA, 47 U.S.C. §227(b)(1)(A).

44.     The use of prerecorded and or artificial voice messages evidence that the calls from DCI to Plaintiff's cellular phone were made using an automatic telephone dialing system ("ATDS") which had the capability to store and dial telephone numbers in a random or sequential order without human intervention as defined by 47 U.S.C. § 227(a)(1) and/or used an artificial or prerecorded voice prohibited by 47 U.S.C. § 227(b)(1)(A).

45.     DCI used an automatic telephone dialing system as defined at 47 C.F.R. 64.1200(f)(1) to make the above-described calls to Plaintiff's cellular telephones with its ATDS.

46.     DCI made repeated automated calls to Plaintiff's cell phone in violation of the TCPA's prohibitions on automated calls to cell phones.  See 47 U.S.C. 227(b).

47.     DCI used an artificial or prerecorded voice as the phrase is used in the TCPA, 47 U.S.C. §227(b)(1)(A), to leave messages on Plaintiff's cellular telephones voice mail.

48.     None of the above-described calls made by DCI to Plaintiff's cellular telephone were made for emergency purposes as the phrase is used in the TCPA, 47 U.S.C. §227(b)(1)(A).

49.     DCI did not obtain Plaintiff's prior express consent as the phrase is used in the TCPA, 47 U.S.C. §227(b)(1)(A) to make the above-described calls to Plaintiff's cellular telephones.

50.     DCI did not have an established business relationship with Plaintiff as the phrase is used in the TCPA, 47 U.S.C. §227(a)(4) when DCI made the above-described calls to Plaintiff's cellular telephones.

51.     Defendants are not tax exempt nonprofit organizations as the phrase is used in the TCPA, 47 U.S.C. §227(a)(4).

52.     Plaintiff did not provide his cellular telephones number to DCI.

53.     Plaintiff did not provide his cellular telephone numbers to the entity on whose behalf DCI was attempting to collect the alleged debt from Plaintiff and/or revoked consent to being robo-dialed on his cell phones.

54.     DCI used an automatic telephone dialing system as defined by 47 U.S.C. §227(a)(1) to make the above-described calls to Plaintiff's cellular telephones, without Plaintiff's prior express consent and for a non-emergency purpose, in violation of the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

9

Received for Filing Oakland County Clerk 2015 JUL 22 AM 09:12

Received for Filing Oakland County Clerk 2015 JUL 22 AM 09:12

55.     DCI knowingly violated the TCPA.

56.     DCI willfully violated the TCPA.

### Respondent Superior Liability

57.     The acts and omissions of DCI and the individual debt collectors employed as agents by DCI, who communicated with Plaintiff as described herein, were committed within the time and scope limits of their agency relationship with their principal, DCI.

58.     The acts and omissions by DCI's agents, including co-defendant Livevox, were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by DCI in collecting consumer debts.

59.     By committing these acts and omissions against Plaintiff, DCI's agents were motivated to benefit their principal, DCI.

60.     DCI is therefore liable to Plaintiff through the Doctrine of Respondent Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the TCPA in DCI's attempts to collect this debt from Plaintiff.

### COUNT I

### Negligent Violation of the Telephone Communications Protection Act

61.     Plaintiff re-alleges the aforementioned paragraphs above as if fully set forth herein, and further states:

62.     Defendants' use of an automatic telephone dialing system and/or an artificial or prerecorded voice when calling Plaintiff's cellular telephones constitutes numerous and multiple negligent violations of the TCPA, 47 U.S.C. 227 et seq.

10

63.     As a result of Defendants' negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

64.     Plaintiff is also entitled to and seeks injunctive relief enjoining Defendants from further violations of TCPA.

### COUNT II

### Willful Violation of the Telephone Communications Protection Act

### Against Both Defendants

65.     Plaintiff re-alleges the aforementioned paragraphs above as if fully set forth herein, and further states:

66.     Defendants' use of an automatic telephone dialing system and/or an artificial or prerecorded voice when calling Plaintiff's cellular telephones constitutes numerous and multiple knowing and/or willful violations of the TCPA, 47 U.S.C. 227 et seq.

67.     As a result of Defendants' knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble statutory damages, up to $1,500.00, for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

68.     Plaintiff is also entitled to and seeks injunctive relief enjoining Defendants from further violations of TCPA.

### Claims for Relief
### (COUNTS I & II)

WHEREFORE, Plaintiff respectfully request the following relief:

a.      Judgment against Defendants for statutory damages in the amount of $500.00 for each telephone call that violated the TCPA for which Defendants acted negligently;

11

Received for Filing Oakland County Clerk 2015 JUL 22 AM 09:12

Received for Filing Oakland County Clerk 2015 JUL 22 AM 09:12

b.   Judgment against Defendants for treble damages in the amount of
$1500.00 for each telephone call that violated the TCPA for which
Defendants acted knowingly and/or willfully;

c.   Declaratory and injunctive relief prohibiting Defendants from further
engaging in conduct that violates TCPA;

d.   An award of attorneys' fees and costs; and

e.   Any other such relief the Court may deem proper.

## COUNT III

### Violations of the Michigan Occupational Code Against DCI

69.   Plaintiff re-alleges the aforementioned paragraphs above as if fully set forth
herein, and further states:

70.   DCI is a "collection agency" or "regulated person" as those terms are defined in
the Michigan Occupation Code ("MOC"), M.C.L. § 339.901(b).

71.   Plaintiff is a consumer or person whom the act was intended to protect. M.C.L. §
339.901(f).

72.   DCI's foregoing acts in attempting to collect this debt against Plaintiff constitutes
violations of the MOC.  DCI's violations of the MOC include, but are not necessarily
limited to, the following:

a)   DCI violated M.C.L. § 339.915(n) by using a harassing, oppressive, or
abusive method to collect a debt;

b)   DCI violated M.C.L. § 339.915(q) by failing to implement a procedure
designed to prevent a violation by an employee;

12

Received for Filing Oakland County Clerk 2015 JUL 22 AM 09:12

    c)      DCI violated M.C.L. § 339.919.

73.    DCI's violations of the Michigan Occupation Code were willful.

74.    Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

### Claims for Relief

**Wherefore,** Plaintiff seeks judgment against DCI for:

    a)      Actual damages pursuant to M.C.L. § 339.916(2);

    b)      Treble the actual damages pursuant to M.C.L. § 339.916(2);

    c)      Statutory damages pursuant to M.C.L. § 339.916(2); and

    d)      Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

### COUNT IV

### Violations of the Michigan Regulation of Collection Practices Act Against DCI (Alternative to Count III)

75.    Plaintiff incorporates the preceding allegations by reference.

76.    DCI and its employees/agents are "regulated persons" as defined by MCL 445.251(g)(xi) in the MRCPA, MCL 445.251, et seq.

77.    Plaintiff is a person whom the act was intended protect, MCL 445.251(d).

78.    DCI's foregoing acts in attempting to collect this debt against Plaintiff constitute violations of the Michigan Regulation of Collections Practices Act.

79.    Plaintiff has suffered damages as a result of these willful violations of the Michigan Regulation of Collections Practices Act.

80.    DCI's violations of the Michigan Regulation of Collections Practices Act were willful.

Received for Filing Oakland County Clerk 2015 JUL 22 AM 09:12

81.     DCI's violations of the MRCPA include, but are not necessarily limited to, the

following:

     a)     DCI violated M.C.L. § 445.252(n) by using a harassing, oppressive,

         or abusive method to collect a debt.

     b)     DCI violated M.C.L. § 445.252(q) failing to implement a procedure

         designed to prevent a violation by an employee.

### Claims for Relief

**Wherefore,** Plaintiffs seeks judgment against DCI for:

     a)     Actual damages pursuant to M.C.L. § 445.257(2);

     b)     Treble the actual damages pursuant to M.C.L. § 445.257(2);

     c)     Statutory damages pursuant to M.C.L. § 445.257(2); and

     d)     Reasonable attorney's fees and court costs pursuant to M.C.L. §

         445.257(2).

Dated: July 20, 2015                         Respectfully Submitted,

                                   REX ANDERSON, PC

                                   <u>Ss Rex C Anderson</u>
                                   Rex C. Anderson (P47068)
                                   Attorney for Plaintiff
                                   9459 Lapeer Rd. Ste. 101
                                   Davison MI 48423
                                   (810) 653-3300
                                   rex@rexandersonpc.net

14

Received for Filing Oakland County Clerk 2015 JUL 22 AM 09:12

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MICHIGAN     }
                     } ss
COUNTY OF OAKLAND     }

Plaintiff Pasquale Longordo, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
Pasquale Longordo

Subscribed and sworn to before me on this the 21 day of July 2015.

_____
Notary Public
Oakland County, MI

My Comm. expires: _____

DANIEL E SMITH
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF WAYNE
MY COMMISSION EXPIRES 12/4/2016

Rex Anderson PC
9459 Lapeer Rd.
Davison, MI 48423

Disclosed
7/8/15

CERTIFIED MAIL™

7012 1640 0002 5047 8942

Incorp Services, Inc.
Resident Agent for Diversified Consultants Inc.
2285 S. Michigan Rd.
Eaton Rapids, MI 48827

